UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE D. KUNKEL | : | |
| | : | |
| v. | : | |
| | : | No. 09-CV-00371 |
| EUGENE S. JASIN and SAUCON VALLEY HOMES, INC. | : | |
| | : | |

## MEMORANDUM AND ORDER

Ditter, J. January 6, 2010

This case comes before me on the plaintiff's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. There has been no discovery and the present issue is whether it should be allowed. For the reasons that follow, I will deny the plaintiff's motion without prejudice to his refiling it once discovery has been completed.

The parties are not new to this arena,[1] nor is the plaintiff's contention that he owns certain house plans and that the defendants have used them in violation of his copyrights. He re-asserts that same claim in this present matter. The defendants answered and filed fourteen affirmative defenses.

With the pleadings then closed and before any discovery had taken place, the plaintiff filed his present motion for partial summary judgment. First, he asserts that in awarding the defendants summary judgment in a prior case, the Honorable Paul S. Diamond made a factual finding that the architectural plans and designs in question here were owned by the plaintiff and

[1] *See Kunkel v. Kunkel,* No. 03-CV-0336; *Kunkel v. Jasin,* No. 03-CV-3355; *In re Dale Kunkel,* No. 03-CV-6806; *Kunkel v. Jasin,* No. 04-CV-0096; *Kunkel v. Jasin,* No. 05-CV-037; *Kunkel v. Jasin,* No. 07-CV-1241.

that the defendants are therefore precluded from asserting to the contrary in this case. Second, the plaintiff contends that he should be awarded judgment as to each of the defendants' fourteen affirmative defenses because there is no evidence to support any of them.

The defendants answered his motion on the issue preclusion question and asserted a need for discovery. The plaintiff again requested summary judgment contending there was no need for discovery since the defendants' affirmative defenses could all have been supported by affidavit and that the defendants failed to provide an affidavit under Rule 56(f) detailing what discovery is needed and why it has not previously been obtained.

The rules governing a motion for summary judgment under Rule 56 are well-established. It should be granted if the moving party has shown that there is no genuine issue as to any material facts and he is entitled to judgment as a matter of law. All ambiguities and reasonable inferences must be viewed in light most favorable to the non-moving party. Once a motion for summary judgment has been properly made and supported, however, the non-moving party may not merely rely on its own pleadings, but must set out facts, by affidavit or otherwise, showing a genuine issue for trial. Under Rule 56(f), I may deny the motion or grant a continuance so that discovery may be completed by the parties, if the non-moving party specifies by affidavit the reasons why material facts cannot be presented.

I shall deal first with the plaintiff's issue preclusion contention.

In the prior proceeding to which the plaintiff refers, he sought damages and injunctive relief for the defendants' alleged infringement of the same copyrighted works that are the subject of this present litigation. The defendants' motion for summary judgment was granted because the plaintiff had concealed his purported ownership of the works during his previous bankruptcy

action, the interests remained part of the bankruptcy estate, and therefore the real party in interest was the bankruptcy trustee.[2]

In an opinion explaining why he was granting summary judgment for the defendants, Judge Diamond noted that he was required to view the facts in the light most favorable to Kunkel and afford to him every reasonable inference. Judge Diamond went on to say that while he was disregarding the plaintiff's allegations that lacked factual support, he was accepting as true all of Kunkel's other factual assertions.

Judge Diamond then did what he said he was going to do: he set forth Kunkel's recitation of the facts and explained why they showed the defendants were entitled to summary judgment.

Now Kunkel contends that Judge Diamond's accepting as true for the purposes of the defendants' summary judgment motion that the plaintiff was the author of the plans and owner of the copyrights that covered them was a factual finding. On that basis he maintains in this most recent suit that the defendants are precluded from contesting his ownership of these plans.

Kunkel is wrong on both counts. Judge Diamond did not resolve the ownership question and the defendants may raise it in this proceeding.

The plaintiff is proceeding pro se and I shall attribute to inexperience his issue preclusion claim.[3] Of course, it will be denied.

---

[2] After he received Judge Diamond's decision, Kunkel re-opened his bankruptcy case, *In re Kunkel,* No. 01-25282 (Bankr. E.D. Pa. 2001), and listed his copyrights and related claims. The trustee by order dated January 24, 2008, abandoned those claims as being worthless so they are now Kunkel's.

[3] Despite the fact that in his brief in support of his present motion for partial summary judgment, Kunkel quotes from *Pelora v. U.S.,* 488 F. 3d 163, 173 (3d. Cir. 2007), that in considering a motion for summary judgment the court must neither resolve factual disputes nor make judgments of credibility.

I now turn to Kunkel's claim that the defendants' response to his motion for summary judgment was not in the form specified by Rule 56(f) and supported by an affidavit. He is correct. The defendants filed a hybrid: it answered the plaintiff's motion point by point with a counter statement of facts, provided argument and citations, and a request for fees and costs. I shall overlook these departures from usual practice and consider their substance.

Numerous cases have pointed out that federal litigation revolves around generous and wide-ranging discovery. It is well-established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery because by its very nature, a motion for summary judgment presupposes an adequate record. Potential problems can be dealt with under Rule 56(f) and when a response to a motion for summary judgment properly invokes Rule 56(f), it is granted as a matter of course. *Doe v. Abington Friends School*, 480 F.3d 252, 256-57 (3d Cir. 2007).

The Court of Appeals for the Third Circuit has underscored the benefits of compliance with the technical requirements of Rule 56(f), particularly the need for a supporting affidavit. It ensures that the non-moving party is invoking the protection of the rule in good faith and provides the showing necessary for the court to assess the merits of a contention that the motion is premature.

Nonetheless, the failure to support a Rule 56(f) motion with an affidavit is not automatically fatal to its consideration if the motion itself identifies the information sought and how it would preclude summary judgment. *St. Surin v. Virgin Island Daily News,* 21 F.3d 1309, 1314 (3d Cir. 1994).

There is one further wrinkle here. In most Rule 56(f) cases the question revolves around the need for *further* discovery. Here there has been no discovery and the defendants have adequately set forth the necessary whats and whys for its need. The absence of any discovery – standing alone – is a compelling reason to allow it to proceed. Summary judgment is inappropriate unless there has been enough time for discovery, and indeed, should be refused where a party has not had an opportunity to discover information that is essential to its opposition. *Burnside-Ott Aviation Training Center v. United States,* 985 F.2d 1574, 1582 (Fed. Cir. 1993), citing *Anderson v. Liberty Lobby, Inc,* 477 U.S. 242, 250 n.5 (1993).

However, when all is said and done, whether to allow discovery is a matter for the exercise of my discretion. Accordingly, I have considered these additional factors:

First is the magnitude of the plaintiff's claim. He seeks damages of $5,435,237, attorneys' fees and costs, and injunctive relief. He contends that the defendants have wrongfully used his designs at twelve different locations, each a separate violation and presumably each a contributing factor to his total damages.

Second is the nature of the defendants' position. Among other things, they contend that the plaintiff is not the author of any designs, that they have not infringed any copyright, and that the plaintiff's suit is barred by the statute of limitations.

Third, various disputes between the plaintiff and defendants, or their predecessors, involving these same drawings go back to 2003. The plaintiff has been persistent. The defendants contend there is no and never has been any merit to his claims and he is continuing a course of harassment. It is time to get it all over but only after both sides have had full exploration and factually-backed contention rights. In other words, this does not appear to be a

skirmish but a battle – and I view it as such. The ownership of the copyrights remains an unsettled question of fact. It would be unjust to grant the plaintiff's motion for partial summary judgment without a fully developed record and I will not do so. To the contrary I will meet with the parties to discuss the details of trial preparation and set a time limits accordingly.

I will also deny as without merit the defendants' request to award them attorneys' fees and costs related to the preparation and filing of their response.

An appropriate order follows.