UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DALE D. KUNKEL                  :
                                :
    v.                          :
                                :   No. 09-CV-00371
EUGENE S. JASIN and SAUCON      :
VALLEY HOMES, INC.              :

**O R D E R**

AND NOW, this   7th   day of September, 2010, upon consideration of the defendants' motion for summary judgment (Doc. 24) and the plaintiff's response (Doc. 26), IT IS HEREBY ORDERED that the defendants' motion is GRANTED on the sole issue of whether the plaintiff's copyright registrations are valid.  The defendants' request for attorneys' fees and costs is DENIED.

In connection with this order, I make the following findings:

1.  The plaintiff, Dale D. Kunkel acting *pro se*, brought this civil action alleging that the defendants, Eugene S. Jason and Saucon Valley Homes, Inc. used architectural designs – which he claims were registered as copyrights by him – in their construction of homes.[1]

2.  After discovery had concluded, the defendants brought a motion for summary judgment under Rule 56(c).  The defendants claim that the copyright registrations at issue in this action are invalid because they were registered at a time when any rights to the architectural designs were part of the bankruptcy estate and not owned by the plaintiff.  The defendants argue that, accordingly, summary judgment should be entered in favor of them on the plaintiff's copyright claims.

---

[1] My previous Memorandum and Order (Doc. 14) filed on January 6, 2010, in this case recounts the claims and procedural history in more detail.

3. In his response, the plaintiff asserts that he had a right to register for the copyrights during the pendency of the bankruptcy, the registrations are valid, and that he regained ownership of the copyrighted architectural designs once the trustee abandoned claims to the designs.

4. The standard for deciding a motion for summary judgment under Rule 56(c) is well-established. I must consider all the facts and inferences in the light most favorable to the non-moving party. Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Carrasca v. Pomeroy*, 313 F.3d 828, 832-33 (3d Cir. 2002). If a moving party demonstrates that no genuine issue of material fact exists, the non-moving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 489 (3d Cir. 1994). I must deny the motion if there is a material fact in dispute such that a reasonable finder of fact could find for the non-moving party.

5. Between 1993 and 1998, the plaintiff completed his work on the architectural designs he claims as registered. (Mot. S.J. Ex. A.) It is undisputed that the plaintiff registered for the copyrights on February 13, 2003; May 18, 2007; September 11, 2007, and October 16, 2007; and received certificates of registration for the designs at issue. (Mot. S.J. ¶ 4, Ex. A; Resp. ¶ 4.) It is also undisputed that the plaintiff's bankruptcy case, *In re Kunkel*, No. 01-25282 (Bankr. E.D. Pa. 2001), was initiated on November 19, 2001, closed on March 26, 2006, and reopened on October 9, 2007, and that the trustee abandoned claims to the architectural designs at issue on January 24, 2008. There is no indication in the record as to whether the plaintiff notified the Copyright Office that the designs were part of the bankruptcy estate at the time of registration.

6. Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made . . . ." 17 U.S.C. § 411(a). Only an individual with an ownership interest in the work may register the copyright claim. *See* 17 U.S.C. § 408(a) ([T]he owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim . . . ."). The application for a copyright registration ordinarily requires the registrant to describe and certify his ownership interest. *See* 17 U.S.C. § 409; Application for Copyright Registration, http://www.copyright.gov/forms/formco2d.pdf (last visited Sept. 1, 2010).[2]

7. When a individual files for bankruptcy, a bankruptcy estate is created and "all legal or equitable interests of the debtor" become property of the estate. 11 U.S.C. § 541(a)(1). This includes interests in copyrights. *See*, *e.g.*, *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C. Cir. 1991). If a trustee abandons property, interest in the property reverts back to the debtor. 11 U.S.C. § 554(c); *Rashid v. Kite*, 934 F. Supp. 144, 146 (E.D. Pa. 1996).

8. Here, after the plaintiff filed for bankruptcy, he did not have any right to assert ownership of the architectural designs until those designs were abandoned by the trustee. The plaintiff's registrations of the copyrights all occurred after November 19, 2001, the date of the bankruptcy filing, and before January 24, 2008, the date of abandonment.[3] Therefore, the

---

[2] "[T]he weight to be accorded the certificate of registration is left to the discretion of the court." 17 U.S.C. § 410(c). Here, the plaintiff fails to point to any evidence in the record that demonstrates he made the Copyright Office aware of his pending bankruptcy. Therefore, I give little weight to the undisputed fact that the Copyright Office issued a certificate of registration and rely on the other undisputed facts for my decision.

[3] The plaintiff argues that the abandonment relates back, *see*, *e.g.*, *Gravure Paper & Bd. Corp. v. Rosen*, 234 F.2d 928, 931 (3d Cir. 1956) (finding that abandonment relates back to the time of the bankruptcy filing) and, therefore, he now can be deemed to have had ownership and the copyright registrations are valid. However, the issue is not whether the plaintiff now can register the copyright claims and assert an unbroken interest in the designs from the time of the bankruptcy filing. Rather, the issue is whether he could have asserted ownership of the designs

registrations are invalid and cannot form the basis for the copyright infringement claims in this action.[4]

9.  I find that there are no disputed material facts and that the defendants are entitled to a judgment as a matter of law on the sole issue of whether the plaintiff's copyright registrations are valid.  Accordingly, I must grant their motion for summary judgment.

10.  The defendants' request for attorneys' fees and costs is denied because they fail to offer any basis for such relief.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR.

---

at the time of registration.  It is undisputed that at the time of the copyright registrations, the plaintiff had already filed bankruptcy and the architectural designs had not yet been abandoned.  Therefore, he could not have asserted ownership at that time.

[4] I note, however, that nothing is stopping the plaintiff from registering copyright claims for his designs now that the designs have been abandoned.